Frederick M. Millard, OSB No. 98295
fmillard@millardlaw.com
Douglas M. Bragg, OSB No. 01211
dbragg@millardlaw.com
6650 Southwest Redwood Lane,
Suite 330
Portland, Oregon 97224
Telephone: (503) 352-1991
Facsimile: (503) 924-4124

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VLADISLAV AND TATYANA SEMERYANOV**, | Case No. 3:14-cv-313 |
| Plaintiffs, | **COMPLAINT** |
| vs. | **[Breach of Contract; WA Consumer Protection; Bad Faith]** |
| **COUNTRY MUTUAL INSURANCE COMPANY, a Foreign Business Corporation,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

COME NOW the Plaintiffs, Vladislav and Tatyana Semeryanov and for their Complaint against Defendant, Country Mutual Insurance Company ("Country") allege as follows:

**JURISDICTION**

1.

At all times material, Plaintiffs were individuals residing and owning property in Washington State.

2.

At all times material, Defendant was a Foreign Business Corporation, incorporated in the State of Illinois and authorized to and actually transacting insurance business in the State of

Page 1 – **COMPLAINT**

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR  97224
503-352-1991  Fax 503-924-4124
Admitted in Oregon and Washington

*x:\clients\semeryanov, vladislav & tayana\litigation\complaint.doc*

Washington, with its principal place of business located in Bloomington, Illinois.

3.

The amount in controversy is in excess of $75,000, exclusive of interest and costs, and is one in which complete diversity exists between Plaintiffs and Defendant.

4.

This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332.

5.

The parties stipulated to this venue for the convenience of the parties and that the case shall be governed by the law of the state of Washington.

## GENERAL ALLEGATIONS

6.

At all times material, Plaintiffs owned the property located at: 20210 NE 104th Avenue, Battleground, WA 98604 ("Property").  The home on the Property was new construction, having been completed in October 2011.

7.

Plaintiffs had insured the Property through Country Policy No. A46K4811393 ("Policy").

8.

The Property was severely damaged by a fire on January 11, 2012.

9.

Plaintiffs timely notified Country of the fire and their claim was assigned the Claim Number 182-0025277.

10.

Plaintiffs have completed substantial repairs on their home since the fire and submitted a formal proof of loss on April 24, 2013.

Page 2 – **COMPLAINT**

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR  97224
503-352-1991  Fax 503-924-4124
Admitted in Oregon and Washington

x:\clients\semeryanov, vladislav & tayana\litigation\complaint.doc

11.

Following the fire, Country conducted an investigation which included gathering and review of documents and conducting an examination under oath.

12.

Country paid a portion of Plaintiffs' claim.

13.

On November 18, 2013, Country denied the remainder of Plaintiffs' claim, including claims for the value of the building, loss of personal property and additional living expenses, on the basis that Plaintiffs had made material misrepresentations relating to the rebuild of their home.

14.

Plaintiffs sent notice of their intent to file this lawsuit to the Office of the Insurance Commissioner and Defendant on December 5, 2013.

**FIRST CLAIM FOR RELIEF**

**COUNT 1:**

**BREACH OF INSURANCE CONTRACT**

15.

Plaintiffs restate and incorporate by reference all allegations contained in Paragraphs 1 through 14 as if fully alleged herein.

16.

Plaintiffs incurred damages as a result of the fire in the following amounts: $444,909.00 for the building; $162,842.47 worth of personal property; $60,299.55 worth of additional living expenses; and $31,004.00 in auxiliary private structures. All of these losses were covered losses under the terms of the Policy.

Page 3 – **COMPLAINT**

**Millard & Bragg, Attorneys at Law PC**
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991  Fax 503-924-4124

Admitted in Oregon and Washington

x:\clients\semeryanov, vladislav & tayana\litigation\complaint.doc

17.

The Policy had limitations on the amount that could be claimed as follows: $394,000.00 for the building; $295,500.00 worth of personal property; $78,800.00 for additional living expenses; and $39,400.00 for auxiliary private structures.

18.

Defendant has made payments on the losses as follows: $289,480.56 for the building; $54,451.79 for damaged personal property; $38,359.02 for additional living expenses; and $1,755.37 for auxiliary private structures.

19.

Defendant's failure to pay for all of the covered losses is a material breach of the Policy.

20.

As a direct and proximate result of Defendant's breach of the Policy, Plaintiffs incurred damages in excess of $263,099.00, to be proven at trial.

21.

Plaintiffs are entitled to recover their reasonable attorney fees, costs, and disbursements, to the extent allowed under Washington law.

22.

Plaintiffs are entitled to recover prejudgment interest.

23.

Plaintiffs are entitled to recover all other relief that this Court deems equitable and just.

/// /// ///

/// /// ///

Page 4 – **COMPLAINT**

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR  97224
503-352-1991  Fax 503-924-4124
Admitted in Oregon and Washington

x:\clients\semeryanov, vladislav & tayana\litigation\complaint.doc

\* \* \*

## FIRST CLAIM FOR RELIEF

### COUNT 2:

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

24.

Plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 23.

25.

The Policy imposed a duty of good faith and fair dealing on Defendant.

26.

Defendant breached the covenant of good faith and fair dealing by unreasonably denying payment of benefits to Plaintiffs, by failing to act promptly with respect to Plaintiffs' claim, by refusing to pay the claim without conducting a reasonable investigation, failing to affirm or deny coverage within a reasonable time, failing to promptly provide a reasonable explanation of the basis in the insurance policy for denying the claim, or otherwise failing to pay the full cost to repair or replace the loss.

27.

As a direct and proximate result of Defendant's breaches of the implied covenant of good faith and fair dealing, Plaintiffs incurred damages in an amount in excess of $263,099.00, to be proven at trial.

28.

As a direct and proximate result of Defendant's conduct, Plaintiffs were forced to retain an attorney to bring this lawsuit, and are entitled to recover their reasonable attorney fees.

29.

Plaintiffs are entitled to recover their prejudgment and post judgment interest at the statutory rate.

Page 5 – **COMPLAINT**

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR  97224
503-352-1991  Fax 503-924-4124

Admitted in Oregon and Washington

*x:\clients\semeryanov, vladislav & tayana\litigation\complaint.doc*

30.

Plaintiffs are entitled to recover their reasonable costs and disbursements.

\* \* \*

## SECOND CLAIM FOR RELIEF

### (Consumer Protection Act Violations; RCW 19.86)

31.

Plaintiffs restate and incorporate by reference all allegations stated in paragraphs 1 through 30 as if fully alleged herein.

32.

Defendant's actions, as described in paragraph 1 through 20, constitute unfair and deceptive acts or practices in the conduct of trade or commerce which affect the public interest within the meaning of the Washington Consumer Protection Act, RCW 19.86.020, and has the capacity to injure other persons as part of Defendant's pattern of conduct to unfairly deny claims and/or delay payment of claims.

33.

As a direct and proximate result of Defendant's violation of the Washington Consumer Protection Act, Plaintiffs incurred damages in excess of $263,099.00 in an amount to be proven at trial.

34.

In addition, as a direct and proximate result of Defendant's violation of the Washington Consumer Protection Act, Plaintiffs have been forced to retain an attorney and, to the extent permitted by RCW 19.86.090, are entitled to recover treble damages, their reasonable costs, disbursements, and attorney fees.

/// /// ///

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991  Fax 503-924-4124
Admitted in Oregon and Washington

*x:\clients\semeryanov, vladislav & tayana\litigation\complaint.doc*

35.

Plaintiffs are entitled to recover prejudgment and post judgment interest at the statutory rate.

36.

Plaintiffs are entitled to recover all other relief this court deems equitable and just.

\* \* \*

## THIRD CLAIM FOR RELIEF

**(Unreasonable Denial of a Claim for Coverage or Payment of Benefits; RCW 48.30)**

37.

Plaintiffs restate and incorporate by reference all allegations stated in paragraphs 1 through 36 as if fully alleged herein.

38.

Defendant unreasonably denied Plaintiffs' claim for payment of benefits by insurer.

39.

As a direct and proximate result of Defendant's unreasonable denial of their claim for payment of benefits, Plaintiffs incurred damages in excess of $263,099.00, to be proven at trial.

40.

As a direct and proximate result of Defendant's unreasonable denial of their claim for payment of benefits, Plaintiffs were forced to hire an attorney. Pursuant to RCW 48.30.015, Plaintiffs are entitled to recover their reasonable attorney fees and costs, to be proven at trial.

41.

As a direct and proximate result of Defendant's unreasonable denial of their claim for coverage or payment of benefits, Plaintiffs were forced to hire several experts to prove their damages. Pursuant to RCW 48.30.015, Plaintiffs are entitled to recover their reasonable expert witness fees, to be proven at trial.

/// /// ///

Page 7 – COMPLAINT

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991 Fax 503-924-4124
Admitted in Oregon and Washington

*x:\clients\semeryanov, vladislav & tayana\litigation\complaint.doc*

42.

As a direct and proximate result of Defendant's unreasonable denial of their claim for payment of benefits, and pursuant to RCW 48.30.015, Plaintiffs are entitled to treble damages, to be awarded by the superior court.

43.

Plaintiffs are entitled to recover pre-judgment interest.

44.

Plaintiffs are entitled to recover all other relief this court deems equitable and just.

**WHEREFORE,** Plaintiffs, Vladislav and Tatyana Semeryanov pray for judgment in their favor and against Defendant, Country Casualty Insurance Company as follows:

A. BREACH OF INSURANCE CONTRACT (First Claim for Relief, Count 1):

    a. For direct damages in excess of $263,099.00, resulting from damage to their home and the contents therein, to be proven at trial.

    b. For prejudgment interest at the legal rate from the date damages were incurred until paid.

    c. For attorney fees and costs pursuant to RCW 48.

    d. For all other relief that this Court deems equitable and just.

B. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (First Claim for Relief, Count 2):

    a. For direct damages in excess of $263,099.00, resulting from damage to their home and the contents therein, to be proven at trial.

    b. For prejudgment interest at the legal rate from the date damages were incurred until paid.

    c. For attorney fees and costs pursuant to RCW 48.

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991  Fax 503-924-4124
Admitted in Oregon and Washington

x:\clients\semeryanov, vladislav & tayana\litigation\complaint.doc

    d.    For all other relief that this Court deems equitable and just.

C.    VIOLATIONS OF THE CONSUMER PROECTION ACTION; RCW 19.86 (Second Claim for Relief)

    a.    For direct damages in excess of $263,099.00, resulting from damage to their home and the contents therein, to be proven at trial.

    b.    For prejudgment interest at the legal rate from the date damages were incurred until paid.

    c.    For attorney fees and costs pursuant to RCW 19.86.020.

    d.    Treble damages to the extent allowed by Washing law and RCW 19.86.020.

    e.    For all other relief that this Court deems equitable and just.

D.    UNREASONABLE DENIAL OF A CLAIM FOR COVERAGE OR PAYMENT OF BENEFITS; RCW 48.30 (Third Claim for Relief)

    a.    For direct damages in excess of $263,099.00, resulting from damage to their home and the contents therein, to be proven at trial.

    b.    For prejudgment interest at the legal rate from the date damages were incurred until paid.

    c.    For attorney fees and costs pursuant to RCW 48.30.015.

    d.    Expert witness fees and costs pursuant to RCW 48.30.015.

    e.    Treble damages to the extent allowed by Washing law and RCW 48.30.015.

    f.    For all other relief that this Court deems equitable and just.

Dated this 25th day of February, 2014

/s/ *Fred Millard*
Fred Millard, OSB No. 98295
E-mail: fmillard@millardlaw.com
Douglas M. Bragg, OSB No. 01211
E-mail: dbragg@millardlaw.com
*Attorneys for Plaintiffs*

Page 9 – **COMPLAINT**

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR  97224
503-352-1991  Fax 503-924-4124
Admitted in Oregon and Washington

x:\clients\semeryanov, vladislav & tayana\litigation\complaint.doc