IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VLADISLAV AND TATYANA SEMERYANOV**,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**COUNTRY MUTUAL INSURANCE COMPANY**,<br><br>　　　　　Defendant. | Case No. 3:14-cv-00313-SI<br><br>**OPINION AND ORDER** |

Frederick M. Millard and Douglas M. Bragg, MILLARD & BRAGG, ATTORNEYS AT LAW, P.C., 419 5th Street, Oregon City, OR 97045. Of Attorneys for Plaintiffs.

Daniel E. Thenell and Jillian M. Hinman, THENELL LAW GROUP, P.C., 12909 SW 68th Parkway, Suite 320, Portland, OR 97223. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

　　　　Defendant, Country Mutual Insurance Company ("Defendant" or "Country Mutual"), moves for partial summary judgment against the breach of contract claim asserted by Plaintiffs, Vladislav and Tatyana Semeryanov ("Plaintiffs" or "the Semeryanovs"). For the following reasons, Country Mutual's motion for summary judgment is denied.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

**BACKGROUND**

Plaintiffs own property located in Battleground, Washington. Plaintiffs constructed a home on their property, and construction was completed in October 2011. On January 11, 2012, a fire caused significant damage to Plaintiffs' newly-constructed home and the contents within. At the time of the fire, Plaintiffs' home was insured under a policy issued by Defendant. After the fire, Plaintiffs notified Defendant of the occurrence, and their claim was assigned a claim number. Defendant then opened an investigation, which included gathering and reviewing documents and examining the property. Throughout November and December of 2012, and into January of 2013, Plaintiffs continued to discuss their claim with adjusters for Defendant. During

this period, Defendant was communicating directly with Plaintiffs, who were not represented by counsel in pursuing their insurance claim.

Plaintiffs' insurance policy includes the following clauses:

> **B. Duties after loss**
>
> 10. Notwithstanding any other provisions in **SECTIONS 2** through **6**, all claims under this policy must be brought within one year of the date of occurrence.

Insurance Policy at 30 (Hinman Decl. Ex. 1, Dkt. 10-1, at 31) (emphasis in original).

> **G. Suits Against Us**
>
> No action can be brought against us unless there has been full compliance with all of the terms under **SECTIONS 2** through **6** of this policy and the action is started within one year after the date of occurrence.

Insurance Policy at 31 (Hinman Decl. Ex. 1, Dkt. 10-1, at 32) (emphasis in original).

Before the expiration of the one-year limitations period in which to file a lawsuit, Defendant sent Plaintiffs a number of letters generally advising them regarding duties after loss and specifically advising them regarding repair and replacement loss deadlines. For example, on October 16, 2012, Defendants sent a letter to Plaintiffs advising them to "please note that one of the very important requirements for the replacement cost coverage is that actual *repair or replacement must be complete and submitted to us within one year from the date of loss*." Semeryanov Decl., Ex. 1 (Dkt. 18 at 4) (emphasis in original). On November 27, 2012, Defendant sent Plaintiffs a substantially similar letter containing the same language quoted above. Semeryanov Decl., Ex. 2 (Dkt. 18 at 6). Another letter from Defendant, dated December 4, 2012, advised Plaintiffs that ". . . replacement cost coverage on both the structure and your personal property expires one year from the date of loss. The expiration date for this claim is January 11, 2013." Semeryanov Decl., Ex. 3 (Dkt. 18 at 8).

PAGE 3 – OPINION AND ORDER

On January 15, 2013, two days after the expiration of both the limitations period on filing claims under the policy and the suit limitations filing deadline, Defendant sent Plaintiffs a letter advising them that the investigation of their claim was continuing. Specifically, the letter stated that "[y]our claim is being processed . . . . Please be advised that at the present time, our investigation of your claim in its entirety is continuing. No determination concerning liability or coverage for this loss has been reached . . . ." Semeryanov Decl., Ex. 4 (Dkt. 18 at 10). This letter also informed Plaintiffs that Defendant requested a sworn statement and may also require examinations under oath. In addition, the letter quoted several sections of the insurance policy, including Conditions Section G, which establishes the suit limitations period.

On November 18, 2013, nearly two years after the date of loss, Defendant denied coverage for the remainder of Plaintiffs' claim under their insurance policy. Plaintiffs then initiated this action on February 25, 2014, seeking damages in excess of $263,099.00.

## DISCUSSION

Defendant's Motion for Partial Summary Judgment seeks to dismiss Plaintiffs' breach of contract claim due to the contractual suit limitations provision. Plaintiffs do not dispute that they filed suit more than one year after the fire loss on January 11, 2013. Plaintiffs contend, however, that equity excuses strict compliance with the suit limitations clause. The parties have stipulated that the laws of the State of Washington apply to this matter, and the Court finds that choice of law to be appropriate.

In some jurisdictions, a suit limitations clause in an insurance policy automatically tolls from the day the insured files a claim until the insurer denies it. *See, e.g.*, *Prudential-LMI Commercial Ins. v. Superior Court (Lundberg)*, 798 P.2d 1230, 1242 (Cal. 1990). Neither Washington's courts nor its legislature have adopted this automatic tolling rule. Washington courts have, however, applied equitable estoppel to insurance suit limitations clauses. *F.C.*

PAGE 4 – OPINION AND ORDER

*Bloxom Co. v. Fireman's Fund Ins. Co.*, 2012 WL 1377657, at *5 (W.D. Wash. Apr. 19, 2012) (citing *Dickson v. United States Fidelity & Guaranty Co.*, 466 P.2d 515, 516 (Wash. 1970)).

Washington's doctrine of equitable estoppel rests on the principle that where a person, by his acts or representations, causes another to change his position or to refrain from performing a necessary act to such other person's detriment or prejudice, the person who performs such acts or makes such representations is precluded from asserting the conduct or forbearance of the other party to his own advantage. *Dickson*, 466 P.2d at 517. In *Dickson*, the Supreme Court for the state of Washington considered a one-year suit limitations clause similar to the one in Plaintiffs' policy. In that case, the plaintiff suffered a loss in August, promptly made an insurance claim, and received a denial of the claim from the insurer's local agent in October. *Id.* In December, the plaintiff met with the local agent, who agreed that he would ask the insurer's home office to review the claim. *Id.* The plaintiff received the home office's final rejection of the claim in August of the following year. *Id.* The plaintiff sued in February of the year after that. *Id.* Thus, like the Plaintiffs here, the plaintiff in *Dickson* sued after the expiration of his insurance policy's one-year suit limitations clause.

The Washington Supreme Court held in *Dickson* that equitable estoppel prevented the insurer from enforcing the suit limitations clause. *Id.* The court found that the representations made by the plaintiff's local agent that the rejection of the claim was not final caused the plaintiff to refrain from commencing an action until final rejection by the home office was received. Because the plaintiff awaited a decision from his insurer's home office, the court held he was excused from complying with the suit limitations clause. *Id.*

Similarly, in *Chong v. Safeco Ins. Co.*, 2006 WL 1169788, at *6 (W.D. Wash. Apr. 27, 2006), the United States District Court for the Western District of Washington denied summary

PAGE 5 – OPINION AND ORDER

judgment and found an issue of fact as to whether estoppel applied where an insurer repeatedly told its insured that it continued to investigate the insured's claim while simultaneously reserving all rights under its policy. The *Chong* court also cited *David v. Oakland Home Ins. Co.*, 39 P. 443 (Wash. 1895). In *David,* the Washington Supreme Court held that where the insurer's settlement posture led the insured to believe its claim was still "open for further consideration," the insurer could not rely on its suit limitations clause. *Id.* at 444. As in *Dickson*, the court in *David* held that the insured had a "reasonable time" after the final rejection of its claim to file a lawsuit. *Id.*

Here, Defendant argues that it did not play a role in inducing Plaintiffs to sit on their rights or otherwise cause Plaintiffs to refrain from taking necessary action. The Court finds, however, that Defendant's conduct, when viewed in the light most favorable to Plaintiffs, presents at least a triable issue of whether Defendant's conduct "logically excuse[s] plaintiffs from complying with the terms of the policy." *Dickson,* 466 P.2d at 517.

As noted above, before the expiration of the suit limitations period, Defendant did not expressly inform Plaintiffs of the suit limitations clause in the letters informing them of the expiration date for claims under the policy. When Defendant did directly quote the suit limitations clause from the insurance contract, along with several other clauses from the policy, it was in a letter that informed Plaintiffs that "at the present time, our investigation of your claim in its entirety is continuing" and "[n]o determination concerning liability or coverage for this loss has been reached." Semeryanov Decl., Ex. 4 (Dkt. 18 at 10). Thus, similar to *Dickson*, *David,* and *Chong*, Defendant's continuing investigation and several communications with Plaintiffs regarding the status of their insurance claim continued well beyond the one-year contractual limitation period. This reasonably led Plaintiffs to believe that Defendant would continue to investigate Plaintiffs' claim and continue to work towards settlement, without necessarily

requiring Plaintiffs to file suit before that process had run its course. Defendant's conduct indicated that Plaintiffs' insurance claim was "open for further consideration." *David*, 39 P. at 444. Plaintiffs were not informed that a final decision had been reached and that their remaining claim was denied until nine months after the suit limitations period had run. Plaintiffs then filed suit approximately three months later. Accordingly, viewing the facts in the light most favorable to Plaintiffs, there is at least an issue of fact of whether equitable estoppel applies. Accordingly, summary judgment is not appropriate.[1]

## CONCLUSION

Defendant's Motion for Partial Summary Judgment (Dkt. 9) is denied.

**IT IS SO ORDERED**.

DATED this 9th day of December, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] Because the Court finds an issue of fact exists as to the application of equitable estoppel, the Court does not reach Plaintiffs' alternate argument under Wash. Admin. Code § 284-30-380 (2009).

PAGE 7 – OPINION AND ORDER